**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7528**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO GERMAINE JOHNSON,

            Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   C. Weston Houck, Senior District Judge.  (4:02-cr-00579-CWH-1)

Submitted:  January 29, 2013        Decided:  February 15, 2013

Before FLOYD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Antonio Germaine Johnson, Appellant Pro Se.  Robert Frank Daley, Jr., Assistant United States Attorney, Columbia, South Carolina; William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Germaine Johnson appeals the district court's order denying his motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) (2006). Under § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing [Guidelines] range that has subsequently been lowered," if the amendment is listed in the Guidelines as retroactively applicable. 18 U.S.C. § 3582(c)(2); see also U.S. Sentencing Guidelines Manual § 1B1.10(c), p.s. (2012).

Amendment 750 to the Guidelines lowered the offense levels for crimes involving certain quantities of crack cocaine and is retroactive. See USSG §§ 1B1.10(c); USSG App. C Amend. 750. However, even if a defendant qualifies for a sentence reduction based on a Guidelines amendment, the decision to grant such a modification is subject to the discretion of the court. See USSG § 1B1.10, cmt. (backg'd); cf. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010) (applying abuse of discretion standard to review of order granting or denying a § 3582(c)(2) motion). "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV,

Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

Here, the district court concluded that Johnson, whose original base offense level was thirty-eight, did not qualify for a reduction under Amendment 750 because he was held accountable for more than 4.5 kilograms of crack. However, Amendment 750 increased from 4.5 kilograms to 8.4 kilograms the minimum quantity of crack required to qualify for a base offense level of thirty-eight. Under Amendment 750, the 4.995 kilograms of crack for which Johnson was held accountable, combined with the 21,637.9 grams of cocaine powder for which he also was held responsible, converted to an equivalent of 22,164.58 kilograms of marijuana, lowering his base offense level from thirty-eight to thirty-six and his total offense level from forty to thirty-eight. This reduced Johnson's Guidelines range from 360-months-to-life imprisonment to 324-months-to-405-months' imprisonment. USSG § 2D1.1(c)(2); see also USSG ch. 5, pt. A (sentencing table). The district court's denial of Johnson's § 3582 motion based on the erroneous conclusion that Amendment 750 did not reduce Johnson's Guidelines range amounted to an abuse of discretion.

Accordingly, we vacate the district court's order and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>